UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| James Bordonaro,<br><br>Plaintiff,<br><br>-v-<br><br>FCI Lender Services, Inc. and AMIP Management,<br><br>Defendants. | 2:22-cv-2545<br>(NJC) (JMW) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Plaintiff James Bordonaro, proceeding pro se, brought this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), against Defendants FCI Lender Services, Inc. ("FCI") and American Mortgage Investment Partners ("AMIP"). (Am. Compl., ECF No. 45.) In a Memorandum and Order dated September 28, 2025, this Court found that the Amended Complaint plausibly alleges a claim for false or misleading representations in connection with the collection of a debt under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e ("Section 1692e") against AMIP and dismissed all other claims alleged in the Amended Complaint. (ECF No. 72.) Because Bordonaro had failed to serve the summons and Amended Complaint on AMIP, this Court ordered him to properly serve AMIP by October 20, 2025, and warned that the sole remaining action in this case would be dismissed in the absence of timely service. (*Id.* at 27.) On October 21, 2025, in response to a request from Bordonaro, the Court extended the deadline to serve AMIP to November 20, 2025, and warned that there would be no further extensions of time. (Elec. Order, Oct. 21, 2025.)

On January 13, 2026, the Court dismissed Bordonaro's Section 1692e claim against AMIP without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") because Bordonaro failed to properly serve AMIP by November 25, 2025. (ECF No. 77.) Accordingly, the Clerk of Court entered Judgment on January 14, 2026.

Before the Court is Bordonaro's motion to vacate judgment, reopen the case, and extend time for service. (Mot., ECF No. 79.) AMIP opposes the motion. (Opp., ECF No. 80.) For the reasons set forth below, the motion to vacate the Judgment is denied.

**BACKGROUND**

The Amended Complaint brought two claims under the FDCPA, 15 U.S.C. § 1692, against FCI and AMIP in their capacity as mortgage servicers and "Debt Collectors" as defined by the FDCPA: (1) a claim for validation of debts in violation of 15 U.S.C. § 1692g ("Section 1692g"); and (2) a Section 1692e claim for false or misleading representations in connection with the collection of a debt. (Am. Compl.) On February 20, 2025, Defendants moved to dismiss the Amended Complaint. ("Mot.," ECF No. 53.)

On September 28, 2025, this Court adopted in part a Report and Recommendation by Magistrate Judge James M. Wicks (the "R&R," ECF No. 66) and granted in part and denied in part Defendants' Motion to Dismiss (Dism. Order, ECF No. 72). The Court dismissed the Amended Complaint with prejudice as to the Section 1692g claims against FCI and AMIP for debt validation, the Section 1692e claim against AMIP for failure to notify Bordonaro of the servicing of his mortgage, and the Section 1692e claims against FCI and AMIP for allegedly offering fraudulent testimony in the foreclosure action. (*Id.* at 3.) However, the Court held that the Amended Complaint plausibly alleged a Section 1692e claim against AMIP for its allegedly contradictory statements regarding which entity was servicing the loan. (*Id.* at 2–3.) Nonetheless,

the Court concluded that it lacked personal jurisdiction over AMIP because Bordonaro had failed to properly serve that defendant. (*Id.* at 27.) Accordingly, the Court ordered Bordonaro to serve a summons and the Amended Complaint on AMIP by October 20, 2025, even though the deadline for service had already passed. (*Id.*) In the Dismissal Order, the Court warned Bordonaro that if he did not serve the summons and Amended Complaint by October 20, 2025, his "sole remaining claim [would] be dismissed without prejudice." (*Id.*) On October 21, 2025, the Court extended that deadline to November 20, 2025, because of Bordonaro's unforeseen hospitalization, but warned that "[n]o further extensions [of the deadline to serve AMIP] will be granted." (Elec. Order, Oct. 21, 2025.)

On November 19, 2025, Bordonaro timely filed a Second Amended Complaint re-asserting the Section 1692e claim against AMIP for allegedly contradictory statements regarding which entity was servicing the loan and the Section 1692g claim against AMIP for debt validation. (Second Am. Compl. ¶¶ 22–29, 36–42, ECF No. 74.) The Second Amended Complaint also asserted a new claim under 15 U.S.C. § 1692f for unfair or unconscionable collection practices. (*Id.* ¶¶ 30–35.)

On November 24, 2025, AMIP filed a letter requesting a pre-motion conference in anticipation of filing a motion to dismiss the Second Amended Complaint. (Def.'s Pre-Mot. Conf. Ltr. ("PMC Ltr."), ECF No. 75.) AMIP noted that Bordonaro did not comply with the Court's September 28, 2025 Order requiring him to serve the First Amended Complaint on AMIP and had failed to properly serve a summons and the First Amended Complaint on AMIP by the November 20, 2025 deadline. (PMC Ltr. at 1–2.)

On January 13, 2026, the Court dismissed Bordonaro's Section 1692e claim against AMIP without prejudice pursuant to Fed. R. Civ. P. 4(m), because he failed to serve AMIP with

a summons or *any* pleading, much less the Amended Complaint, through the proper means. (ECF No. 77 at 6–9.) This Court also warned Bordonaro that it would consider entering a filing injunction applicable to all federal district courts if he continued to file new actions relating to claims arising out of his 2011 foreclosure action because "[i]n filing the Second Amended Complaint, Bordonaro failed to comply with this Court's September 28, 2025 and October 21, 2025 Orders and sought to re-assert claims that this Court had already dismissed with prejudice as barred by res judicata." (*Id.* at 10.) The Clerk entered Judgment and closed this case on January 14, 2026. (Clerk's Judgment, ECF No. 78.)

On March 11, 2026, Bordonaro filed a Motion to Vacate the Judgment pursuant to Rule 60(b), Fed. R. Civ. P. (Mot. to Vacate, ECF No. 79.) On March 25, 2026, AMIP filed a Memorandum in Opposition. (Mem. Opp., ECF No. 80.) On April 7, 2026, Bordonaro filed a reply. (Reply, ECF No. 80.)

**LEGAL STANDARDS**

Rule 60(b) provides for relief from a final judgment, order, or proceeding in the case of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The standard for granting a Rule 60(b) motion is "strict." *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024). A Rule 60(b) motion may be granted if there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* The Second Circuit has "described Rule 60(b)(6) as a catch-all provision that 'is properly invoked only when there are extraordinary

circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule.'" *Metzler Inv. Gmbh v Chipotle Mexican Grill, Inc.*, 970 F.3d at 143 (2d Cir. 2020) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986)). A Rule 60(b) motion "must be made within a reasonable time" and motions brought pursuant to Rule 60(b)(1)–(3) must be made "no more than a year after the entry of the . . . order . . . . " Fed. R. Civ. P. 60(c)(1).

## DISCUSSION

### I. Rule 60

Bordonaro asserts that the Court should vacate Judgment and reopen this action under Rule 60(b)(1) for "mistake and excusable neglect" and under Rule 60(b)(6) for "any [other] reason that justifies relief." (Mot. at 1–2.)[1] For the reasons that follow, Bordonaro does not meet the standard for Rule 60(b)(1), and Rule 60(b)(6) is inapplicable to his motion to vacate the Judgment.

#### A. <u>Rule 60(b)(1)</u>

When considering a Rule 60(b)(1) motion, the Court must weigh: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reasons proffered for the delay; and (4) whether the party seeking vacatur

---

[1] A district court must first determine whether a Rule 60(b) motion is timely. *See Thai-Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 176 (2d Cir. 2017) ("In conducting a Rule 60(b)[(b)(1)–(6)] analysis, district courts should analyze the full range of Rule 60(b) considerations, including timeliness . . . ."). Bordonaro's motion is timely because he filed it on March 11, 2026, less than two months after the entry of Judgment on January 14, 2026. *See* Fed. R. Civ. P. 60(c) (providing that a motion under Rule 60(b)(1)–(3) is timely if brought no more than one year after the "entry of the judgment or order or the date of the proceeding" at issue); *see e.g.*, *Grace v. Bank Leumi Tr. Co. of N.Y.*, 443 F.3d 180, 191 (2d Cir. 2006); *Murph v. United States*, 13-cv-2594, 2020 WL 5577731, at *3 (E.D.N.Y. Sept. 17, 2020).

acted in good faith. *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003). Where the Rule 60(b)(1) motion raises excusable neglect, a court should "scrutinize the reason given for the delay, including whether the delay was within the reasonable control of the party seeking vacatur." *Midland Cogeneration Venture Ltd. P'ship v. Enron Corp.*, 419 F.3d 115, 122 (2d Cir. 2005); *see also*, *Brown v Webber*, No. 18-cv-09618, 2022 WL 1124901 at *2 (S.D.N.Y. Apr. 14, 2022).

Bordonaro asserts that "any technical defect in the service method constitutes **excusable neglect**" and that "[t]he Second Circuit affords special solicitude to pro se litigants navigating procedural requirements." (Mot. at 3 (emphasis in original).) On this basis, he asks this Court to vacate the Judgment and reopen the case. However, Bordonaro's invocation of excusable neglect fails. Here, Rule 4 and its New York corollary, N.Y.C.P.L.R. §§ 311(a), 312 set out the unambiguous requirements of service that Bordonaro was required to follow to effect service on AMIP.

*1. Legal Standards Governing Service*

Rule 4(m) governs the timing of service and provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). According to the plain text of Rule 4(m), where there is a showing of good cause for a failure to serve, "the court must extend the time for service . . . ." *Id*. However, "it is well settled that 'district courts have discretion to grant extensions under Rule 4(m) even in the absence of good cause.'" *Buon v Spindler,* 65 F. 4th 64, 75 (2d Cir 2023) (quoting *Zapata v. New York*, 502 F.3d 192, 196 (2d Cir. 2007)).

Courts consider four factors when evaluating whether to extend time to serve under Rule 4(m): "whether (1) the applicable statute of limitations would bar the plaintiff's re-filed claim, (2) the defendant had actual notice of the claim, (3) the defendant attempted to conceal the defect in service, and (4) the defendant would suffer prejudice as the result of an extension." *LaNasa v. Stiene*, 731 F. Supp. 3d 403, 415 (E.D.N.Y. 2024), *aff'd*, No. 24-1325, 2025 WL 893456, at *5 (2d Cir. Mar. 24, 2025) (summary order). In considering whether good cause exists, courts in the Second Circuit "weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y 2010).

Good cause is rare and is typically only found in "exceptional circumstances where the plaintiff's failure to service process in a timely manner was the result of circumstances beyond [the plaintiffs] control." *Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 419 (S.D.N.Y. 2013). "Factors that are deemed as outside of the Plaintiff's control typically include sudden illness, natural catastrophe or evasion of service of process." *Trs. of the United Plant & Prod. Workers Local 175 Benefits Fund v. Mana Constr. Grp.*, No. 18-cv-4269, 2021 WL 4150803, at *3 (E.D.N.Y. July 30, 2021). A showing of good cause is "largely dependent upon whether a plaintiff exhibited due diligence when attempting to effectuate service." *Agnone v. Zoi Foods Corp.*, No. 24-cv-08202 (JMW), 2025 WL 964147, at *3 (E.D.N.Y. Mar. 31, 2025). This due diligence standard is a "rough standard," but has been found when the plaintiff attempts service at least three times. *United States v. Veeraswamy*, 765 F. Supp. 3d 168, 192 (E.D.N.Y. 2025), *report and recommendation adopted*, No. 23-cv-9379, (E.D.N.Y. Feb. 10, 2025). Notably, "a party seeking an extension for good cause bears a heavy burden of proof." *Tolchin v. Cnty. of Nassau*, 322 F. Supp. 3d 307, 311 (E.D.N.Y. 2018).

*2. Failure to Show Good Cause or Excusable Neglect*

Bordonaro fails to meet the good cause standard set out under Rule 4(m). Fed. R. Civ. P. 4. As an initial matter, the Court already exercised its discretion to grant two extensions of time for Bordonaro to serve AMIP and warned Bordonaro that no further extensions would be granted. Specifically, when Bordonaro did not comply with the Court's September 28, 2025 Order requiring that he serve the first Amended Complaint on AMIP, the Court concluded that it lacked personal jurisdiction over AMIP and ordered Bordonaro to serve the summons and Amended Complaint on AMIP by October 20, 2025, even though the initial deadline for service had passed. (Dismissal Order at 2–3.) The Court warned Bordonaro that his claims against AMIP would be dismissed without prejudice if he failed to effect service by that date. The Court then extended the October 20, 2025 deadline to November 20, 2025 because of Bordonaro's unforeseen hospitalization. (Elec. Order, Oct. 21, 2025.) The Court again advised Bordonaro that no further extensions of the deadline to serve AMIP would be granted. (Elec. Order, Oct. 21, 2025; ECF No. 73.)

Despite these extensions of time to serve, Bordonaro still has not shown that he adequately served AMIP. In his Second Amended Complaint, Bordonaro provided an unsworn, undated certificate of service and an undated affidavit of service in which he attests that he served the Second Amended Complaint and summons on AMIP by U.S. mail. (Second Am. Compl., at 13, 15–16.) In his Rule 60 Motion, Bordonaro attached only a USPS receipt and tracking number. (Mot., Ex. A.) Accordingly, because Bordonaro has only demonstrated a single attempt at service, he has not met the "rough standard" for demonstrating due diligence through multiple service attempts. *See Veeraswamy*, 765 F. Supp. 3d at 192 (stating that the due diligence

standard is met where "plaintiff attempts service at least three times, optimally on non-consecutive days") (collecting cases).

Next, Bordonaro has not shown that failure of service was the result of circumstances beyond his control. When Bordonaro was hospitalized, the Court granted him an extension of time until November 20, 2025 to serve AMIP with the summons and Amended Complaint. However, Bordonaro has not shown that his continued failure to serve by that deadline was due to any "exceptional circumstance." *Vaher*, 916 F. Supp. 2d at 419. Furthermore, the evidence of service that Bordonaro puts forth in his Motion to Vacate the Judgment (Mot. to Vacate, Ex. A, B), is insufficient because "nothing in Rule 4(h)(1)(B) provides that service by certified mail constitutes adequate service of process." *Rojas v. Nuvem Health LLC*, No. 25-cv-4684, 2025 WL 3157770, at *2 (S.D.N.Y. Nov. 12, 2025). Bordonaro's evidence of an attempt to serve AMIP by certified mail thus remains deficient under New York requirements because, as this Court previously noted, "electronic service and service by mail are not authorized by N.Y.C.P.L.R. § 311(a) or N.Y. Bus. Corp. L. § 306(b)(1)" and "Bordonaro's affidavit of service is therefore inadequate to show proper service on AMIP." (ECF No. 77 at 8.)

Bordonaro contends that AMIP has actual notice. However, the Second Circuit has held that, even "in cases in which the party has received actual notice[,] . . . there must be compliance with the terms of [Rule 4] . . . ." *Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972). Thus, actual notice does not substitute for the requirements imposed by Rule 4. *Id.*; *see also NASDI LLC v. Skanska Koch Inc. Kiewet Infrastructure Co. (JV)*, 17-cv-3578, 2020 WL 5768319, at *15 (S.D.N.Y. Sept 28, 2020).

Bordonaro's ignorance of the rules and mistake in construing them do not constitute excusable neglect. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380,

392 (1993); *cf Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997) (noting that "neglect may be excusable where the language of a rule is ambiguous . . . ."). "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." *In re Ditech Holding Corp.*, No. 24-1106, 2025 WL 783639, at *2 (2d Cir. Mar. 12, 2025) (summary order) (citing *Pioneer*, 507 U.S. at 382). Similarly, "failure to follow the clear and unambiguous language contained in a district court order will generally not constitute such excusable neglect." *Rosa v. Dovenmuehle Mortg. Inc.*, 96 F. App'x. 32, 34 (2d Cir. 2004) (summary order) (citing *Canfield*, 127 F.3d at 250 (per curiam)).

Bordonaro offers no additional reasoning for his failure to serve AMIP in accordance with Rule 4 and New York law, stating only that he believed in "good faith" that service was completed and that because he is proceeding "pro se, any technical deficiency was the result of excusable confusion regarding the federal service rules." (Mot. ¶¶ 5, 9.) However, the courts in this Circuit have emphasized that a "pro se litigant is not excused from Rule 60(b)'s demanding requirements." *See Williams v. City Univ. of New York*, No. 10-cv-2127, 2014 WL 11462808, at *1 (E.D.N.Y. Jan. 22, 2014), *aff'd sub nom. Williams v. City Univ. of N.Y.*, 590 F. App'x 84 (2d Cir. 2015) (summary order). Thus, pro se litigants are not excused from the requirement that they produce "highly convincing evidence" to support a Rule 60(b) motion. *Skinner v. Chapman*, 680 F. Supp. 2d 470, 479 (W.D.N.Y. 2010), *aff'd*, 412 F. App'x 387 (2d Cir. 2011) (summary order); *see also Kotlicky v. U.S. Fidelity & Guaranty Co.*, 817 F.2d 6, 9 (2d Cir. 1987). Bordonaro's statements fall far short of the strict evidentiary requirements for securing vacatur of a judgment under Rule 60(b), as there are no additional facts alleged that would indicate that Bordonaro's failure to serve AMIP was the result of excusable neglect. Bordonaro has also failed to follow the clear dictates of this Court's previous orders. Specifically, the Court indicated in its January

13, 2026 Order dismissing the claims against AMIP without prejudice, "Bordonaro's affidavit of service is . . . inadequate to show proper service on AMIP" and "does not show service under any of these rules" because it does not comply with Rule 4(h)(1)(B) nor does it comply with N.Y.C.P.L.R. § 311(a), and N.Y.C.P.L.R. § 312-a. (ECF No. 77 at 6–9.) Yet Bordonaro's current motion proffers only a USPS receipt and tracking number, which also fails to demonstrate proper service on AMIP. (Mot., Ex. A.) Accordingly, Bordonaro does not demonstrate that the Judgment in this action should be vacated under Rule 60(b)(1).

B. Rule 60(b)(6)

Bordonaro's request for relief from Judgment under Rule 60(b)(6) is also unpersuasive. Courts in the Second Circuit reserve Rule 60(b)(6) relief for "extraordinary circumstances," where the judgement may "work an extreme and undue hardship." *Nemaizer*, 793 F.2d at 63; *see also Gulino v. Bd. Of Educ. of the City Sch. Dist. of City of N.Y.*, 96-cv-8414, 2025 WL 3762206, at *3 (S.D.N.Y. Dec. 29, 2025). Relief under Rule 60(b)(6) is available only where the grounds for relief from judgment under Rule 60(b)(1)–(5) are inapplicable. *Kemp v. United States*, 596 U.S. 528, 531–534 (2022). In other words, "if the reasons offered for relief from judgment can be considered in one of the more specific clauses of Rule 60(b), such reasons will not justify relief under Rule 60(b)(6)." *United States v. Int'l Bhd. Of Teamsters*, 247 F.3d 370, 391–92 (2d Cir. 2001). Accordingly, relief under Rule 60(b)(1) and Rule 60(b)(6) is mutually exclusive, such that "any conduct which generally falls under the former cannot stand as ground for relief under the latter." *United States v. Cirami*, 535 F.2d 736, 740 (2d Cir.1976) (internal quotation marks omitted).

Rule 60(b)(6) does not apply to Bordonaro's invocation of excusable neglect, which is governed by Rule 60(b)(1). *See Mandala v. NTT Data, Inc.*, 88 F.4th 353, 359 (2d Cir. 2023)

("[A]ny conduct which generally falls under [Rule 60(b)(1)] cannot stand as a ground for relief under [Rule 60(b)(6)].").

Even construing Bordonaro's claims liberally given his pro se status, he fails to meet the Rule 60(b)(6) standard. Bordonaro has not provided any factual support to show that he faces an extreme and undue hardship, especially given that the dismissal of his 15 U.S.C. § 1692(e) claim was entered *without prejudice*. (*See* Dismissal Order.) Lastly, Bordonaro's failure to serve AMIP is the result of his own failure to comply with the rules and to heed this Court's Orders explaining the deficiencies in his attempts to serve AMIP, setting deadlines, granting extensions of time, and warning that failure to comply would lead to dismissal under Rule 4(m) of the Section 1692e claim against AMIP. (*See generally* Order Adopting R&R, ECF No. 72; Elec. Order, Oct. 21, 2025.)

Accordingly, for all of these reasons, Bordonaro fails to demonstrate excusable neglect under Rule 60(b)(1) and to meet the requirements of Rule 60(b)(6). This Court therefore declines to vacate the Judgment or reopen the case.

## II. All Writs Act

AMIP argues that "the Plaintiff has repeatedly attempted to pursue claims that are barred under the Court's September 28, 2025 Order" and "[a]s such the Court should enter an Order enjoining Plaintiff from any further filing related to the barred claims." (Mem. Opp'n. at 6–7.)

The All Writs Act "grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits." *MLE Realty Assocs. v. Handler*, 192 F.3d 259, 261 (2d Cir. 1999); *see also In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir.1984) (finding that "[f]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.");

*Woodhouse v Meta Platforms Inc.*, 704 F. Supp. 3d 502, 513 (SDNY 2023); 28 U.S.C. § 1651(a). In evaluating whether to enjoin a litigant under the 28 U.S.C. § 1651(a), a court considers:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw v. N.Y.S. Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005); *Sec. and Exch. Commn. v. Gottlieb*, No. 05-cv-2401, 2022 WL 1094741 at *1 (S.D.NY. Apr. 12, 2022). Thus, when exercising the inherent power to curb abuse in the litigation process, the usual standards for injunctive relief do not apply; rather, the court need only find "[a] history of litigation entailing vexation, harassment and needless expense to other parties, and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000). However, the issuance of an injunction that would bar a litigant from filing is a "serious matter" as access to the courts is "one of the cherished freedoms of our system of government." *Raffe v. Doe*, 619 F. Supp. 891, 898 (S.D.N.Y. 1985); *Rajapakse v Seyfarth Shaw*, No. 20-cv-10473, 2022 WL 1051108 at *9 (S.D.N.Y. Feb. 18, 2022), *report and recommendation adopted*, No. 20-cv-10473, 2022 WL 855870 (S.D.N.Y. Mar. 23, 2022).

This Court previously warned Bordonaro that his conduct of filing and arguing claims previously dismissed with prejudice could result in the imposition of a filing injunction against him. (ECF No. 77 at 10.) Nevertheless, a filing injunction is not warranted at this time.

First, Bordonaro's Rule 60(b) motion does not invoke dismissed claims under Section 1692f or 1692g, which this Court determined were barred by res judicata. Rather, it seeks a vacatur of the Judgment so that Bordonaro can serve AMIP and pursue the Section 1692e claim.

*See Gertskis v. U.S. E.E.O.C.*, No. 11-cv-5830, 2013 WL 1148924, at *17 (S.D.N.Y. Mar. 20, 2013) (declining to issue an anti-filing injunction where the parties had not been warned that such conduct could result in an injunction). Thus, it is not clear that his Rule 60 motion demonstrates "vexatious, harassing or duplicative" litigation of the type warranting an injunction under the All Writs Act. *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019) (per curiam).

However, upon due consideration of the full record, and in light of Bordonaro's history of litigating previously dismissed claims, the Court once again warns Bordonaro that should he abuse the judicial process by filing claims previously dismissed with prejudice, a filing injunction will be issued against him. Such an injunction under 28 U.S.C. § 1651(a) would require Bordonaro to: (1) inform the federal court in which he seeks to file a new case of the litigation bar entered by this Court; (2) include a copy of this Court's Order imposing a litigation bar with any new filing that Bordonaro pursues in any federal district court; and (3) file a motion with this Court for leave to file any new action that relates to the present foreclosure action and to provide a good faith basis for the new filing, including by showing that venue is proper in such court. *See e.g., United States ex rel. Wolf v. United States*, No. 19-cv-2100, 2019 WL 1865202, at *2 (E.D.N.Y. Apr. 23, 2019); *Tooker v. Quest Ventures, Ltd.*, No. 2:21-cv-01290, 2023 WL 8113911, at *4–5 (E.D.N.Y. Nov. 22, 2023).

**CONCLUSION**

For the reasons set forth above, Bordonaro's Rule 60(b) motion to vacate the Judgment in this action is denied. Bordonaro may seek to refile his remaining 15 U.S.C. § 1692(e) claims as they were dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m). Additionally, Bordonaro is once again cautioned that even for pro se litigants, Rule 11, Fed. R. Civ. P., applies and he

could be subject to sanctions under that rule as well as an anti-filing injunction under 28 U.S.C. § 1651(a) should he argue or refile claims that this Court previously dismissed with prejudice. *See* Fed. R. Civ. P. 11; 28 U.S.C. § 1651(a).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should Bordonaro seek leave to appeal in forma pauperis, any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
November 2, 2026

*/s/ Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge